[Cite as *Lorenzo Properties II, Inc. v. Akron*, 2011-Ohio-5369.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

LORENZO PROPERTIES, II, INC.

      Appellant

      v.

CITY OF AKRON

      Appellee

C.A. No.     25807

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2010-10-6836

## DECISION AND JOURNAL ENTRY

Dated: October 19, 2011

DICKINSON, Judge.

### INTRODUCTION

**{¶1}** Lorenzo Properties II Inc. applied to the City of Akron for a conditional-use permit that would have allowed three apartments in a building it owns. City Council denied the requested permit, and Lorenzo filed a notice of appeal in the Summit County Common Pleas Court. City Council did not receive a copy of the notice of appeal from either Lorenzo or the Clerk of Courts within the time allowed for appeal. Lorenzo did serve a praecipe on the City Law Department, which the Law Department received within the time allowed for appeal. The common pleas court dismissed Lorenzo's attempted appeal as untimely. This Court affirms because Lorenzo's praecipe was not a notice of appeal and, even if it could be viewed as one, serving it on the City Law Department was not effective to file it with City Council.

## BACKGROUND

{¶2} Lorenzo applied for a conditional-use permit for property on Tanglewood Drive in Akron. City Council denied the requested permit on September 13, 2010, and the clerk of council mailed notice of that denial to Lorenzo on September 14, 2010. On October 7, 2010, Lorenzo filed a notice of appeal in the common pleas court. Lorenzo included as part of its notice of appeal instructions to the clerk to serve a copy of the notice of appeal on the City at the address of the City Law Department. The clerk sent a copy of the notice of appeal to the City Law Department by Federal Express, and the law department received that copy on October 15, 2010, one day after expiration of the time for appeal. Lorenzo did not otherwise file the notice of appeal with the City.

{¶3} Lorenzo filed a praecipe with the common pleas court at the same time it filed its notice of appeal. By that praecipe, it requested the City to prepare and file a transcript of "all the original papers, testimony, and the evidence offered, heard, and taken into consideration in issuing the final decision with regard to the captioned matter." According to the praecipe, the cost of the transcript would be "taxed as part of the cost of the appeal." Lorenzo served the praecipe on the City at the address of the City Law Department on October 7, 2010. The City has not denied that the Law Department received a copy of the praecipe within the time allowed for appeal.

{¶4} The common pleas court dismissed Lorenzo's attempted appeal as untimely. Lorenzo's single assignment of error is that the common pleas court incorrectly dismissed its appeal.

## DISCUSSION

**{¶5}** A party entitled to appeal an administrative agency's decision must perfect its appeal within 30 days after the agency mails the decision to that party or its lawyer. *Cornacchione v. Akron Bd. of Zoning Appeals*, 118 Ohio App. 3d 388, 392 (1997). Under Section 2505.04 of the Ohio Revised Code, a party perfects an administrative appeal by filing "a written notice of appeal . . . with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved." Lorenzo's argument is twofold: (1) that its praecipe constituted a notice of appeal; and (2) that its service of the praecipe on the City Law Department was sufficient to file it with City Council.

### LORENZO'S PRAECIPE WAS NOT A NOTICE OF APPEAL

**{¶6}** In *Wells v. Chrysler Corp.*, 15 Ohio St. 3d 21, 24 (1984), the Ohio Supreme Court wrote that "the purpose of a notice of appeal is to set forth the names of the parties and to advise those parties that an appeal of a particular claim is forthcoming." Lorenzo has argued that its praecipe accomplished that purpose and, therefore, constituted a notice of appeal.

**{¶7}** The caption of the praecipe listed Lorenzo as appellant and the City of Akron as appellee. The complete text consisted of two sentences: "Comes now Appellant Lorenzo Properties II, Inc., pursuant to ORC §2506.02 and hereby requests Appellee to prepare and file with this Court a complete transcript of all the original papers, testimony, and the evidence offered, heard, and taken into consideration in issuing the final decision with regard to the captioned matter within 40 days from the date of filing of Appellant's Notice of Appeal. The cost of the transcript shall be taxed as part of the cost of the appeal."

**{¶8}** The praecipe told the City Law Department that Lorenzo was appealing something. It did not, however, tell it the particular decision that Lorenzo was appealing. It did

not identify that decision as the denial of Lorenzo's request for a conditional-use permit or even by the date on which it was rendered. It did not indicate that Lorenzo was appealing a City Council decision, as opposed to a decision of another of the City's administrative bodies. Even if it is assumed, therefore, that a document with the title praecipe on it could ever be a notice of appeal, Lorenzo's praecipe was not a notice of appeal.

## SERVICE ON THE CITY LAW DEPARTMENT WAS

## NOT FILING WITH CITY COUNCIL

{¶9} Under Section 2505.04 of the Ohio Revised Code, in order to perfect an appeal from an administrative body, a person wishing to appeal must file a notice of appeal "with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved." Lorenzo has argued that, because the City Law Department is City Council's lawyer, service of the praecipe on the Law Department amounted to filing it with Council.

{¶10} Although the City Law Department is City Council's lawyer for some purposes, it was not its lawyer for purposes of Lorenzo's request for a conditional-use permit. City Council was not a party to that request, but rather was the administrative tribunal before which the request was heard. Lorenzo's argument that service on the Law Department amounted to filing with City Council is comparable to an argument that a criminal defendant's service of a notice of appeal on the county prosecutor would be effective to file it with the common pleas court. Although the prosecutor may serve as the common pleas court's lawyer for some purposes, it does not serve as its lawyer in connection with a criminal proceeding before it. See *Patrick Media Group Inc. v. Cleveland Bd. of Zoning Appeals*, 55 Ohio App. 3d 124, 125 (1988).

{¶11} Numerous courts have rejected the argument that service on a city law department amounts to filing with one of the city's administrative bodies. E.g., *Guy v. Steubenville*, 7th Dist.

No. 97-JE-22, 1998 WL 13866, at \*3 (Jan. 15, 1998). Most recently, the Twelfth District Court of Appeals rejected that argument in *Welsh Dev. Co. v. Warren County Reg'l Planning Comm'n*, 186 Ohio App. 3d 56, 2010-Ohio-592, rev. on other grounds, 128 Ohio St. 3d 471, 2011-Ohio-1604. In that case, Welsh attempted to appeal an adverse decision of the Planning Commission to the Warren County Common Pleas Court. Although it filed a notice of appeal with the common pleas court, it did not take or mail that decision to the Planning Commission. The clerk of courts, however, mailed a copy to the Planning Commission, and the Planning Commission received that copy within the time allowed for appeal. Welsh also sent a copy of the notice of appeal to an assistant county prosecutor, and the assistant prosecutor received it within the time allowed for appeal. The common pleas court dismissed Welsh's attempted appeal, and Welsh appealed that decision. Two members of the appellate panel rejected Welsh's argument that the clerk's service on the Planning Commission amounted to Welsh filing it with the Commission. *Id.* at ¶45. All three members of the panel rejected its argument that sending a copy to the prosecutor was effective to file it with the Commission. *Id.* at ¶47-48, 97.

{¶12} On appeal, the Ohio Supreme Court reversed the appellate court's determination that the clerk's service of the notice of appeal on the Planning Commission was not effective to file it with the Commission. *Welsh Dev. Co. v. Warren County Reg'l Planning Comm'n*, 128 Ohio St. 3d 471, 2011-Ohio-1604, at ¶32. Lorenzo has suggested in this case that the fact that Welsh had sent a copy of its notice of appeal to the assistant county prosecutor within the time allowed for appeal "was important to the [Supreme Court's] analysis." Actually, that fact did not enter into the Supreme Court's analysis in any way. Although the Court mentioned that Welsh had sent a copy of its notice to the prosecutor as part of the "Relevant Background" part of its opinion, it did not mention that fact in the "Analysis" part of its opinion. Just as the Twelfth

District did, we reject the argument that service of a notice of appeal on the opposing party's lawyer is the same as filing it with the appropriate administrative body.

CONCLUSION

**{¶13}** Lorenzo failed to timely appeal City Council's rejection of its request for a conditional-use permit to the Summit County Common Pleas Court. Its assignment of error is overruled, and the common pleas court's dismissal of its attempted appeal is affirmed.

Judgment affirmed.

―――――

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CLAIR E. DICKINSON
FOR THE COURT

MOORE, J.
<u>CONCURS</u>

CARR, P. J.
<u>CONCURS IN JUDGMENT ONLY</u>


<u>APPEARANCES</u>:

JACK MORRISON, JR. and THOMAS R. HOULIHAN, Attorneys at Law, for Appellant.

CHERI B. CUNNINGHAM, Director of Law, and SEAN W. VOLLMAN and JOHN R. YORK, Assistant Directors of Law, for Appellee.