[Cite as *Harris v. Akron*, 2011-Ohio-6735.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF SUMMIT | ) | | |

CARL HARRIS

    Appellant

    v.

CITY OF AKRON

    Appellee

C.A. No.    25689

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2010-02-1233

DECISION AND JOURNAL ENTRY

Dated: December 28, 2011

DICKINSON, Judge.

INTRODUCTION

{¶1}    Somebody allegedly drove Carl Harris's car through an active school zone in the City of Akron at a speed of 34 miles per hour. Nestor Traffic Systems, under a contract with the City, was operating an "Automated Mobile Speed Enforcement System" in the zone and issued Mr. Harris a notice of civil violation for exceeding the applicable 20-miles-per-hour limit. Mr. Harris requested and received an administrative hearing, after which the hearing officer declared him liable for the violation. He attempted to appeal the hearing officer's decision to the Summit County Common Pleas Court. That court, however, determined that he had failed to timely perfect his appeal, and he has appealed the Common Pleas Court's decision to this Court. We affirm the decision of the Common Pleas Court because Mr. Harris failed to file his notice of appeal with the hearing officer within 30 days of her decision.

## BACKGROUND

**{¶2}** The hearing officer, who is an employee of the City, issued her decision on January 19, 2010. According to Mr. Harris, he attempted to file his notice of appeal with the Summit County Clerk of Courts on February 12, 2010. The record does include a poverty affidavit completed by Mr. Harris and notarized by an employee of the clerk's office on that date. Mr. Harris has argued that the clerk should have accepted his notice of appeal that day. In fact, the clerk did not file his notice of appeal until February 23, 2010, the day after the Common Pleas judge to whom this matter was assigned approved his poverty affidavit.

**{¶3}** The hearing officer who conducted Mr. Harris's administrative hearing completed an affidavit on May 11, 2010, in which she asserted that she had not, as of that date, received a copy of Mr. Harris's notice of appeal. The City moved to dismiss Mr. Harris's attempted appeal to the Common Pleas Court, arguing that he had failed to timely file his notice of appeal with either the hearing officer or the Common Pleas Court. The Common Pleas Court granted the City's motion, and Mr. Harris has appealed.

## DISCUSSION

**{¶4}** Mr. Harris has argued that the Common Pleas Court incorrectly determined that he failed to timely perfect his appeal to that court. He has focused his argument on the Common Pleas Clerk's failure to accept his notice of appeal for filing at the same time he completed his poverty affidavit.

**{¶5}** Section 2505.07 of the Ohio Revised Code requires a party wishing to appeal an administrative decision to perfect his appeal within 30 days after the administrative body enters that decision. Under Section 2505.04 of the Ohio Revised Code, a party perfects an administrative appeal by filing "a written notice of appeal . . . with the administrative officer,

agency, board, department, tribunal, commission, or other instrumentality involved." Although the person attempting to appeal does not have to use a particular method to deliver his notice of appeal to the administrative body, "[f]iling does not occur until there is actual receipt by the agency within the time prescribed by R.C. 2505.07." *Welsh Dev. Co. Inc. v. Warren County Reg'l Planning Comm'n*, 128 Ohio St. 3d 471, 2011-Ohio-1604, at ¶18, 39.

{¶6} In this case, the City presented evidence, in the form of the hearing officer's affidavit, that, as of May 11, 2010, 132 days after the hearing officer issued her decision, Mr. Harris had still not caused a copy of his notice of appeal to be delivered to her. Mr. Harris has not disputed the City's evidence regarding his failure to cause a copy of his notice of appeal to be timely delivered to the hearing officer. Regardless of whether the clerk of courts should have taken his notice of appeal at the same time he delivered his poverty affidavit, therefore, he did not timely perfect his appeal. "[W]hen the right to appeal is conferred by statute, an appeal can be perfected only in the manner prescribed by the applicable statute." *Welsh Dev. Co. Inc. v. Warren County Reg'l Planning Comm'n*, 128 Ohio St. 3d 471, 2011-Ohio-1604, at ¶14.

CONCLUSION

{¶7} Mr. Harris failed to timely perfect his administrative appeal to the Common Pleas Court in the manner required by Section 2505.07 of the Ohio Revised Code. Accordingly, the Common Pleas Court correctly dismissed his appeal. His assignment of error is overruled, and the decision of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CLAIR E. DICKINSON
FOR THE COURT

BELFANCE, P. J.
CARR, J.
CONCUR

APPEARANCES:

CARL HARRIS, pro se, Appellant.

CHERI B. CUNNINGHAM, Director of Law, and STEPHEN A. FALLIS, Assistant Director of Law, for Appellee.