[Cite as *Hoover v. Elyria*, 2014-Ohio-2227.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| JAMES P. HOOVER | | C.A. No. 13CA010364 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CITY OF ELYRIA | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | | CASE No. 12CV177665 |

DECISION AND JOURNAL ENTRY

Dated: May 27, 2014

BELFANCE, Presiding Judge.

{¶1} The City of Elyria ("the City") appeals the decision of the Lorain County Court of Common Pleas. For the reasons set forth below, we vacate the order remanding the matter to the Elyria Civil Service Commission for further proceedings and reverse the denial of the City's motion to dismiss.

I.

{¶2} During the course of his employment for the City, James Hoover cut an electrical wire in order to facilitate the removal of a piece of equipment. According to the City, Mr. Hoover failed to follow the proper safety procedures when he cut the wire. Following a meeting with Mr. Hoover, Mary Siwierka, the Safety Service Director, decided to terminate Mr. Hoover's employment with the City. Mr. Hoover appealed Director Siwierka's decision to the Elyria Civil Service Commission, which affirmed the decision to terminate him on August 8, 2012.

{¶3} On August 29, 2012, Mr. Hoover filed a notice of appeal "from the Elyria Civil Service Commission" in the Lorain County Court of Common Pleas, indicating on the notice that the City's law director had been "served" with the notice via e-mail that day. Attached to his notice of appeal was a written decision issued on August 8, 2012. The clerk sent a copy of the notice of appeal to "Elyria, Ohio (City of)" on September 6, 2012, and a notation was made on the docket that the mail had been delivered on September 7, 2012.

{¶4} The City filed a motion to dismiss for lack of jurisdiction, which the common pleas court denied. The court subsequently determined that the record did not contain enough information to determine whether the City followed the disciplinary procedures in the collective bargaining agreement and, thus, remanded the matter to the Civil Service Commission for further consideration.

{¶5} The City has appealed, raising two assignments of error for our review.

## II.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT FAILED TO DISMISS JAMES HOOVER'S APPEAL FOR LACK OF SUBJECT-MATTER JURISDICTION.

{¶6} In its first assignment of error, the City argues that the trial court should have granted its motion to dismiss Mr. Hoover's appeal because Mr. Hoover had not perfected it pursuant to R.C. 2505.04 and R.C. 2505.07 and, therefore, the trial court lacked jurisdiction over the appeal. We agree.

{¶7} "[W]hen the right to appeal is conferred by statute, an appeal can be perfected only in the manner prescribed by the applicable statute." *Welsh Dev. Co. Inc. v. Warren Cty Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604, ¶ 14. "After the entry of a

final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected, unless otherwise provided by law, is thirty days." R.C. 2505.07. "An appeal is perfected when a written notice of appeal is filed, * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved." R.C. 2505.04. "Although the person attempting to appeal does not have to use a particular method to deliver his notice of appeal to the administrative body, '[f]iling does not occur until there is actual receipt by the agency within the time prescribed by R.C. 2505.07.'" *Harris v. Akron*, 9th Dist. Summit No. 25689, 2011-Ohio-6735, ¶ 5, quoting *Welsh Dev. Co. Inc.* at ¶ 18, 39.

{¶8} In this case, the record does not contain evidence of the Civil Service Commission's actual receipt of the notice of appeal within the time prescribed by R.C. 2505.07. As noted above, Mr. Hoover attempted to appeal the August 8, 2012 decision of the Civil Service Commission. Mr. Hoover filed his notice of appeal in the trial court on August 29, 2012. The clerk of courts then sent a copy of the notice of appeal via certified mail to "Elyria, Ohio (City of)" on September 6, 2012, and the docket indicates that it was received by the City on September 7, 2012.

{¶9} However, there is no indication in the record that Mr. Hoover's notice of appeal was actually received by the Elyria Civil Service Commission within 30 days of it rendering its decision. *See Harris* at ¶ 5. In support of its motion to dismiss, the City submitted the affidavit of Deborah Spangenberg, who averred that she is the Secretary for the Elyria Civil Service Commission, that she is responsible for maintaining correspondence for the Commission, and that her duties include issuing the Commission's decisions via the postal service. Ms.

Spangenberg averred that the Elyria Civil Service Commission issued a written decision affirming Mr. Hoover's termination on August 8, 2012, and that she mailed this decision on August 9, 2012. Ms. Spangenberg averred that she was the custodian of the Commission's records and that her review of the Commission's records concerning Mr. Hoover's termination indicated "no receipt of any Notice of Appeal or other documents from James P. Hoover or his legal counsel after August 8, 2012." Thus, Ms. Spangenberg's affidavit supports the evidence in the record that Mr. Hoover did not perfect his appeal in compliance with R.C. 2505.04. In addition, Mr. Hoover's counsel submitted an affidavit in which he averred that he asked the Clerk of Courts to mail the notice of appeal to the City of Elyria. He did not ask the clerk to serve the notice of appeal upon the Civil Service Commission. Moreover, he has not provided legal authority that the clerk's mailing and ultimate receipt by the City of the notice of appeal satisfied the requirement that the Civil Service Commission actually receive the notice of appeal. *See* App.R. 16(A)(7).

{¶10} Mr. Hoover argues that he did comply with R.C. 2505.04 because he gave notice to Director Siwierka that he planned to appeal the Civil Service Commission's decision. However, he does not point to any part of the record to support this contention, and it is not apparent from our own review of the record that Director Siwierka ever was served with a notice of appeal. *See* App.R. 16(A)(7) (A brief shall contain citations to the "parts of the record on which appellant relies."). Mr. Hoover's argument appears to essentially be that, if Director Siwierka received the notice of appeal, she should have passed it along to the Civil Service Commission. However, there is no evidence that Director Siwierka regularly received mail on behalf of the Civil Service Commission. *Compare with Smola v. Legeza*, 11th Dist. Ashtabula No. 2004-A-0038, 2005-Ohio-7059, ¶ 16-18 (Delivery to the offices where the administrative

agency receives all of its mail satisfies R.C. 2505.04.). Furthermore, even assuming Director Siwierka should have filed the notice of appeal for Mr. Hoover in the interest of fairness,[1] there is nothing in the record to suggest that she did any act to accomplish the filing of the notice of appeal with the Civil Service Commission. *See Harris*, 2011-Ohio-6735, at ¶ 5, quoting *Welsh Dev. Co. Inc.*, 128 Ohio St.3d 471, 2011-Ohio-1604, at ¶ 18. Thus, we cannot conclude that, assuming Director Siwierka received a notice of appeal, her receipt of the notice of appeal satisfied the requirement contained in R.C. 2505.04.[2] *See id.  See also Welsh Dev. Co. Inc.* at ¶ 14.

{¶11} Accordingly, we conclude that the trial court erred when it denied the City's motion to dismiss. Based upon the record on appeal, Mr. Hoover's notice of appeal was never filed with the Elyria Civil Service Commission. Thus, the common pleas court was without jurisdiction to hear the appeal.

{¶12} The City's first assignment of error is sustained.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN ITS "HYBRID" APPLICATION OF THE STANDARDS OF REVIEW SET FORTH UNDER R.C. 119.12 AND R.C. 2506.04, CONSTITUTING AN ABUSE OF DISCRETION.

{¶13} Due to our resolution of the City's first assignment of error, this assignment of error is moot, and, therefore, we decline to address it. *See* App.R. 12(A)(1)(c).

---

[1] However, if the a notice of appeal was delivered to Director Siwierka or some other employee of the Elyria government despite being addressed to the correct administrative agency, the failure to file the notice with the agency may well not act as a bar to a common pleas court taking jurisdiction over the appeal.

[2] Assuming that Mr. Hoover emailed the notice of appeal to the Elyria law director, Mr. Hoover has not cited any authority to suggest that this would satisfy R.C. 2505.04, *see* App.R. 16(A)(7), and, in any case, we cannot conclude that such would satisfy R.C. 2505.04 under the circumstances of *this* case. *See, e.g., Lorenzo Properties, II, Inc. v. Akron*, 9th Dist. Summit No. 25807, 2011-Ohio-5369, ¶ 10-13.

6

## III.

**{¶14}** The City's first assignment of error is sustained, and its second assignment of error is moot. The common pleas court's denial of the City's motion to dismiss is reversed, and its order remanding the matter to the Civil Service Commission for further proceedings is vacated as void.

Judgment vacated in part,
and reversed in part.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, J.
CONCURS.

CARR, J.
CONCURRING IN JUDGMENT ONLY.

{¶15} Although I sympathize with Hoover regarding notice to the City, the law is clear that the notice of appeal must be filed with the administrative agency within the time period required to appeal. Despite Hoover's arguments that *Welsh Dev. Co., Inc. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604, changed this standard, the Ohio Supreme Court in *Welsh* merely held that service on the administrative agency can be accomplished through the Clerk of Courts. *Id*. at syllabus. It did not change the requirement of service being made on the actual administrative agency.

APPEARANCES:

SCOTT F. SERAZIN, Law Director, and AMANDA R. DEERY, Assistant Law Director, for Appellant.

MICHAEL P. HARVEY, Attorney at Law, for Appellee.