[Cite as *Highland Square Mgt., Inc. v. Akron*, 2015-Ohio-401.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| HIGHLAND SQUARE MANAGEMENT, INC. | | C.A. Nos. 27211 27372 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| CITY OF AKRON, et al. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellees | | CASE Nos. CV 2013 07 3517 CV 2013 08 4354 |

DECISION AND JOURNAL ENTRY

Dated: February 4, 2015

BELFANCE, Presiding Judge.

{¶1} Highland Square Management, Inc. ("HSM") appeals from the dismissals of its administrative appeal and its complaint for injunctive relief and from the denial of its motion to vacate the judgments.

I.

{¶2} Lebo Holdings, LLC ("Lebo") purchased four parcels located at 795 and 803 West Market Street as well as 21 North Highland Avenue and Casterton Avenue. Manuel Nemer, a managing member of Lebo, filed a petition with the Akron City Planning Commission, which sought a conditional use of a parcel at 795 West Market Street to permit the construction of a building. The Planning Commission recommended the approval of the conditional use, and the Akron City Council passed an ordinance approving the conditional use on June 17, 2013, which was published on June 24, 2013.

{¶3} On July 19, 2013, HSM filed notice of an administrative appeal with the Summit County Clerk of Courts and requested that the notice be served on the Law Director for the City of Akron, which it was. On September 11, 2013, HSM also filed a complaint against Lebo, Mr. Nemer, and Summit County seeking to enjoin them "from proceeding in any further work related to the construction of 795 West Market Street." The two cases were consolidated.

{¶4} Following consolidation, the Planning Commission and City Council moved to dismiss the administrative appeal, arguing that HSM had failed to perfect the appeal by serving the City Council as required by R.C. 2505.04. Mr. Nemer and Lebo also moved to dismiss the complaint against them, arguing that the trial court lacked jurisdiction over the injunction complaint because it was moot. HSM filed a response, but the common pleas court granted both motions to dismiss, dismissing both actions with prejudice.

{¶5} HSM appealed the dismissals. While the appeal was pending, HSM filed a Civ.R. 60(B) motion for relief from judgment, arguing that the trial court should not have dismissed the cases with prejudice, and filed a motion with this Court to remand the matter for the lower court to rule on its motion to vacate. This Court remanded the matter, and the lower court denied the Civ.R. 60(B) motion. HSM appealed the denial, and this Court consolidated both appeals.

{¶6} HSM has raised five assignments of error for our review. For ease of discussion, we have rearranged the assignments of error.

II.

{¶7} Before addressing HSM's assignments of error, we briefly pause to address the appellees' argument that HSM's entire appeal is moot. Appellees point to this Court's prior decisions where we stated that, "'where an appeal involves the construction of a building or buildings and the appellant fails to obtain a stay of execution of the trial court's ruling and

construction commences, the appeal is rendered moot.'" *Poulson v. Wooster City Planning Comm.*, 9th Dist. Wayne No. 04CA0077, 2005-Ohio-2976, ¶ 7, quoting *Schuster v. Avon Lake*, 9th Dist. Lorain No. 03CA008271, 2003-Ohio-6587, ¶ 8. Although, at first glance, this statement appears broad, *Poulson* involved a situation where the complaining party solely sought to prevent the construction of a building and did not seek to prevent any continuing use of the structure. *See id.* at ¶ 7-8. Unlike the cases cited by the appellees, HSM does not merely seek to prevent the construction of a building; it also seeks to prevent the proposed uses of the building.[1] Challenges to the manner in which the structure will be used are not moot merely because the structure has been built. Thus, because HSM's administrative appeal and complaint for injunctive relief are not limited to preventing the construction of a building on the parcels at issue in this case, this case is distinguishable from our precedent, and HSM's appeal is not moot.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN DISMISSING THIS ACTION BECAUSE HSM PROPERLY PERFECTED ITS ADMINISTRATIVE APPEAL.

{¶8} In its third assignment of error, HSM argues that it properly perfected its administrative appeal of the City Council's decision to permit a conditional use on the properties at issue. Specifically, it argues that its service upon the Law Director perfected the appeal.

{¶9} "[W]hen the right to appeal is conferred by statute, an appeal can be perfected only in the manner prescribed by the applicable statute." *Welsh Dev. Co. Inc. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604, ¶ 14. "After the entry of a final order of an administrative officer, agency, board, department, tribunal, commission, or other instrumentality, the period of time within which the appeal shall be perfected, unless

---

[1] HSM clearly objects to lack of parking associated with the structure and alleges potential traffic problems arising from the proposed uses, which it also suggests are incongruous with the surrounding parcels.

otherwise provided by law, is thirty days." R.C. 2505.07. "An appeal is perfected when a written notice of appeal is filed, * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved." R.C. 2505.04. "Although the person attempting to appeal does not have to use a particular method to deliver his notice of appeal to the administrative body, '[f]iling does not occur until there is actual receipt by the agency within the time prescribed by R.C. 2505.07.'" *Harris v. Akron*, 9th Dist. Summit No. 25689, 2011-Ohio-6735, ¶ 5, quoting *Welsh Dev. Co. Inc.* at ¶ 18, 39.

{¶10} HSM concedes that it served its notice of appeal on the Law Director for the City of Akron and not to the Clerk of Council. Nevertheless, it argues that this service satisfies R.C. 2505.04 because "City Council was an ***adversary*** and the Akron law department was its lawyer." (Emphasis sic.). However, HSM does not cite any authority in support of this argument, nor has this Court's own research uncovered any such authority. *See* App.R. 16(A)(7). Courts have determined that service upon the administrative body's attorney does not satisfy the filing requirement of R.C. 2505.04. *See, e.g., Welsh Dev. Co. v. Warren Cty. Regional Planning Comm.*, 186 Ohio App.3d 56, 2010-Ohio-592, ¶ 48 (12th Dist.), *rev'd on other grounds*, 128 Ohio St.3d 471, 2011-Ohio-1604; *Guy v. Steubenville*, 7th Dist. Jefferson No. 97-JE-22, 1998 WL 13866, *3 (Jan. 15, 1998); *Patrick Media Group, Inc. v. Cleveland Bd. of Zoning Appeals*, 55 Ohio App.3d 124, 125 (8th Dist.1988). *See also Lorenzo Properties, II, Inc. v. Akron*, 9th Dist. Summit No. 25807, 2011-Ohio-5369, ¶ 12 (rejecting the argument that service upon the law director satisfies R.C. 2505.04). Although we do not foreclose the possibility of instances where service delivered to a city's law director might satisfy the filing requirement under R.C. 2505.04, the record does not reflect any factual circumstances suggesting that such would be

appropriate. For example, there is no evidence in the record that the City Council regularly received its mail in the Law Director's office. *Compare with Smola v. Legeza*, 11th Dist. Ashtabula No. 2004-A-0038, 2005-Ohio-7059, ¶ 16-18 (Delivery to the offices where the administrative agency receives all of its mail satisfies R.C. 2505.04.).

{¶11} Thus, given the record in this case and the argument developed on appeal, we cannot conclude that the trial court erred when it concluded that it lacked jurisdiction over HSM's administrative appeal. Accordingly, HSM's third assignment of error is overruled.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY IMPROPERLY DISMISSING THE CONSOLIDATED MATTER "WITH PREJUDICE" AFTER FINDING THAT IT LACKED SUBJECT MATTER JURISDICTION.

{¶12} HSM argues in its first assignment of error that the lower court erred in dismissing its administrative appeal with prejudice.

{¶13} As noted above, the lower court dismissed HSM's appeal because it had failed to perfect the appeal within 30 days. *See* R.C. 2505.07; R.C. 2505.04. Because this dismissal was for reasons other than on the merits, HSM argues that the appeal should have been without prejudice. However, as other courts have noted, the dismissal of an administrative appeal outside the time for perfecting the appeal is essentially a dismissal on the merits since the appeal cannot be refiled. *See Genesis Outdoor Advertising, Inc. v. Troy Twp. Bd. of Zoning Appeals*, 11th Dist. Geauga No. 2001-G-2399, 2003-Ohio-3692, ¶ 10; *McCann v. Lakewood*, 95 Ohio App.3d 226, 233 (8th Dist.1994) ("Since McCann's action was an appeal rather than an original action, McCann could not refile the appeal at a later date and the term without prejudice in the case sub judice was an oxymoron and inoperative."). Thus, given that the common pleas court dismissed HSM's appeal more than 30 days after the order sought to be appealed, it is difficult to

see how the court's decision affected HSM's substantial rights, even assuming an error occurred. *See* Civ.R. 61. *See also Genesis Outdoor Advertising* at ¶ 10; *McCann* at 233.

{¶14} Moreover, HSM erroneously suggests that it was prejudiced by the trial court's dismissal with prejudice because such would foreclose its ability to refile the administrative appeal pursuant to R.C. 713.121. R.C. 713.121 provides,

> No action challenging the validity of a zoning ordinance or regulation or of any amendment to such an ordinance or regulation because of a procedural error in the adoption of the ordinance, regulation, or amendment shall be brought more than two years after the adoption of the ordinance, regulation, or amendment.

> No action alleging procedural error in the actions of an administrative board created under section 713.11 of the Revised Code, or of any other administrative entity acting under that section, in the granting of zoning variances or conditional use certificates shall be brought more than two years after the variance or certificate was granted.

{¶15} HSM argues that R.C. 713.121 supersedes the 30-day appeal period set forth in R.C. 2505.07. Notably, R.C. 713.121 does not refer to administrative appeals, and we have not been able to discover any decision applying it to an administrative appeal.[2] Assuming that the provisions contained in R.C. Chapter 713 apply to Akron City Council, R.C. 713.121 contemplates the filing of an "action" challenging the validity of an ordinance or regulation due to "procedural error*"* in the actions of an administrative board created under R.C. 713.11. Given the express statutory language set forth in R.C. 713.121, we do not agree that the statute is intended to alter the period for the perfection of administrative appeals brought under R.C. Chapter 2506. Rather, it sets forth the timeframe for filing an action pursuant to the statutory parameters set forth in R.C. Chapter 713. Thus, we do not find merit in HSM's suggestion that

---

[2] In fact, since its enactment in 1990, "few cases actually refer to R.C. 713.121." *See State ex rel. Miami Overlook, Inc. v. Germantown*, 2d Dist. Montgomery No. 24017, 2011-Ohio-3419, ¶ 33.

the trial court's dismissal with prejudice of its administrative appeal undermined any rights it may have had to further pursue its administrative appeal under R.C. 2506.[3]

{¶16} Accordingly, we cannot conclude that reversible error occurred when the common pleas court dismissed HSM's administrative appeal with prejudice. HSM's first assignment of error is overruled.

ASSIGNMENT OF ERROR IV

> THE TRIAL COURT ERRED TO THE PREJUDICE OF HSM BY DISMISSING APPELLANT'S CLAIM FOR INJUNCTIVE RELIEF BASED UPON THE DISMISSAL OF THE ADMINISTRATIVE APPEAL WITH PREJUDICE.

{¶17} HSM argues in its fourth assignment of error that the common pleas court erred when it dismissed its complaint for injunctive relief with prejudice.[4] Specifically, it argues that, because the common pleas court dismissed its administrative appeal for lack of jurisdiction, the court no longer had jurisdiction over HSM's complaint for injunctive relief. However, whether the court had jurisdiction over the original action filed by HSM is a separate question from whether it had jurisdiction to hear its administrative appeal, and HSM has not explained why the court of common pleas lacked jurisdiction over its complaint for injunctive relief. *See* App.R. 16(A)(7). *See also Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 20 ("This court has long held that the court of common pleas is a court of general jurisdiction, with subject-matter jurisdiction that extends to all matters at law and in equity that are not denied to it.") (Internal quotations and citations omitted.); R.C. 713.13 (permitting an adjoining landowner

---

[3] We do not express any opinion concerning the viability of an independent claim under R.C. 713.121 as it is beyond the scope of this appeal.

[4] We note that HSM argues its fourth and fifth assignments of error together in its brief. However, HSM focuses mostly on the denial of its motion to vacate judgment rather than on the initial decision of the common pleas court. In any case, we limit our review to the arguments raised. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, *8 (May 6, 1998).

to seek an injunction against a violation of a zoning ordinance). Thus, given the very specific argument raised by HSM on appeal, its fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION ON REMAND BY DENYING APPELLANT'S MOTION TO VACATE THE DECEMBER 10, 2013 JUDGMENT ENTRY TO THE EXTENT THAT THE DISMISSAL WAS WITH PREJUDICE.

**{¶18}** In its second assignment of error, HSM argues that the common pleas court abused its discretion when it denied HSM's motion to vacate the dismissal of the administrative appeal.

**{¶19}** In order to be entitled to relief from judgment under Civ.R. 60(B), the moving party must demonstrate that

(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "The question of whether relief should be granted is addressed to the sound discretion of the trial court." *Id*. at 20.

**{¶20}** HSM moved for relief of judgment pursuant to Civ.R. 60(B)(5), which provides that a court may grant relief from judgment for any reason not listed in Civ.R. 60(B)(1)-(4) that would justify relief from judgment. The common pleas court determined that the motion was timely and that HSM had alleged a meritorious defense. However, it determined that HSM had not set forth a reason justifying relief from judgment.

**{¶21}** HSM argues that it was entitled to relief from judgment because it could still refile the dismissed appeal pursuant to the time limit set forth in R.C. 713.121. However,

assuming without deciding that HSM could appropriately seek Civ.R. 60(B) relief in the context of its administrative appeal, as discussed in our analysis of HSM's first assignment of error, R.C. 713.121 does not extend the period for perfecting the administrative appeal. Accordingly, HSM's second assignment of error is overruled.

## ASSIGNMENT OF ERROR V

THE TRIAL COURT ABUSED ITS DISCRETION ON REMAND BY DENYING APPELLANT'S MOTION TO VACATE WITH RESPECT TO THE ACTION FOR INJUNCTIVE RELIEF.

{¶22} HSM argues in its fifth assignment of error that the trial court abused its discretion in denying its Civ.R. 60(B) motion for relief from the judgment dismissing its injunctive relief claims with prejudice. Specifically, HSM takes issue with the common pleas court determining that res judicata would prevent HSM from pursuing its claim for injunctive relief since that claim was based upon prevailing on the administrative appeal. Although HSM's precise argument is unclear, HSM essentially argues that, because no *court* had issued a decision on the merits of the issues in the administrative appeal, res judicata did not preclude HSM from litigating those issues in the future. However, "[r]es judicata applies to administrative actions, where a party has failed to properly appeal the administrative ruling under R.C. 2506.01." *Brunswick Hills Twp. Bd. of Trustees v. Ludrosky*, 9th Dist. Medina No. 11CA0026-M, 2012-Ohio-2556, ¶ 8. In other words, the mere fact that a *court* had not ruled upon the merits of the administrative appeal does not preclude the application of res judicata to the issues pertinent to that appeal. Thus, it is possible that res judicata could apply in this case, and HSM has not explained why res judicata would not apply. *See* App.R. 16(A)(7).[5]

---

[5] To the extent an argument could be made that res judicata would not apply because HSM was not a party to the underlying action, HSM has not made such an argument, and we decline to create one. *See* App.R. 16(A)(7); *Cardone*, 1998 WL 224934, at *8.

**{¶23}** Accordingly, in light of the very limited argument made by HSM on appeal, its fifth assignment of error is overruled.

III.

**{¶24}** HSM's assignments of error are overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

HENSAL, J.
WHITMORE, J.
<u>CONCUR.</u>

APPEARANCES:

JEROME T. LINNEN, JR., Attorney at Law, for Appellant.

CHERI B. CUNNINGHAM, Director of Law, and DEBORAH M. FORFIA and JOHN R. YORK, Assistant Directors of Law, for Appellee.

LAWRENCE W. VUILLEMIN, Attorney at Law, for Appellees.

TANIA T. NEMER, Attorney at Law, for Appellees.