[Cite as *Granite City Ctr. v. Champion Twp. Bd. of Trustees*, 2021-Ohio-1458.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| GRANITE CITY CENTER, LLC, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-T-0083** |
| BOARD OF TRUSTEES OF CHAMPION TOWNSHIP, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2020 CV 00725.

Judgment: Affirmed.

*Thomas Nader*, Nader & Nader, 7011 East Market Street, Suite 33, Warren, OH 44484 (For Plaintiff-Appellee).

*Frank Scialdone* and *David Smith*, Mazanec, Raskin & Ryder, Co., LPA, 100 Franklin's Row, 34305 Solon Road, Cleveland, OH 44139 (For Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1} Appellant, Board of Trustees of Champion Township (the "Township"), appeals the judgment of the Trumbull County Court of Common Pleas, which overruled its motion to dismiss in part.

{¶2} The Township raises one assignment of error, arguing that the trial court erred in denying its motion to dismiss as to claims one (wrongful demolition) and three (declaratory judgment) of appellee's, Granite City Center, LLC ("Granite City"), complaint.

{¶3} After a review of the pertinent law and case history, we find the trial court properly denied the Township's motion to dismiss as to the first and third claims of Granite City's complaint. The complaint alleges operative facts that there was a verbal agreement memorialized in email communications between the parties that the Township breached as well as resultant damages. Further, the pleadings do not provide the necessary factual allegations required to conclusively determine as a matter of law whether R.C. 2744.09(A) precludes application of R.C. Chapter 2744 in this case, and if not, whether the Township is entitled to R.C. 2744.02 immunity.

{¶4} The judgment of the Trumbull County Court of Common Pleas is affirmed.

### Substantive and Procedural History

{¶5} In June 2020, Granite City filed a complaint against the Township for demolishing a building on its property located at 5075 Mahoning Avenue, Warren, Ohio.

### The Complaint

{¶6} The complaint alleged that in June 2017, the Township declared the residential structure a nuisance and safety hazard and ordered it be demolished and removed. The Township gave notice to the owners of the property pursuant to R.C. 505.86, which stated that it intended to demolish the structure in 30 days unless Granite City either entered into an agreement to remedy the condition of the structure or requested a hearing before the Township.

{¶7} Granite City requested a hearing. Prior to the hearing, however, it reached an agreement with the Township in which the parties agreed that they would obtain bids for the demolition of the structure and that Granite City would be responsible for the demolition at a price it selected. In August 2017, the Township did resolve to demolish

2

the structure on Granite City's property despite the parties' agreement and without notifying Granite City that the Township was meeting. The Township entered onto the property and demolished the structure. Granite City further alleged that the demolition left a pile of debris on the property and that the site was not leveled in a workmanlike manner. The Township certified the costs of the demolition for collection and placed a lien on the property.

{¶8} Granite City requested three claims for relief: wrongful demolition without a previous judicial determination or administrative hearing; substantive and procedural due process violations of the United States Constitution, the Ohio Constitution, and the Civil Rights Act, 42 U.S.C. 1983; and a declaratory judgment that the lien for the costs of demolition that the Township placed on the property be removed. Granite City alleged that as a result of the Township's failure to provide an administrative hearing, the Township lacked the authority to certify any costs for collection.

**The Township's Motion to Dismiss**

{¶9} The Township filed a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim, arguing that all of Granite City's claims are governed by a two-year statute of limitations, and thus, are time-barred and that the wrongful demolition claim is also barred by political subdivision immunity.

{¶10} In its memorandum in opposition, Granite City argued that political subdivision immunity does not apply nor does the two-year statute of limitations because Granite City alleged breach of contract claims, which the Township did not deny in its motion to dismiss.

3

{¶11} The trial court granted the Township's motion as to the second claim in Granite City's complaint since Section 1983 actions are governed by a two-year statute of limitations. The court found the remaining claims in the complaint were not subject to dismissal for failure to state a claim. Applying the standard for a motion to dismiss, the court found the declaratory judgment action and the wrongful demolition claim as set forth in the complaint withstood the motion to dismiss. Thus, the trial court denied the Township's motion to dismiss as to the first and third claims for relief and granted it as to the second claim, dismissing the Section 1983 claims of substantive and procedural due process.

{¶12} The Township timely appealed, raising one assignment of error:

{¶13} "The trial court erred by denying the Township the benefit of immunity."

**Motion to Dismiss**

{¶14} The Township argues in its sole assignment of error that it is immune without exception under R.C. 2744.02, which governs political subdivision immunity.

{¶15} An appellate court's standard of review for a trial court's actions regarding a motion to dismiss is de novo. *Bliss v. Chandler*, 11th Dist. Geauga No. 2006-G-2742, 2007-Ohio-6161, ¶ 91.

{¶16} The dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the nonmoving party's favor, it appears beyond doubt that the nonmoving party can prove no set of facts warranting relief. *Id.* at ¶ 92. Accepting all factual allegations as true, a complaint should not be dismissed unless it appears beyond doubt from the face of the complaint that the plaintiff can prove no set

4

of facts warranting recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus. Accordingly, "as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991).

{¶17} R.C. Chapter 2744 provides a three-step test to determine whether a political subdivision enjoys immunity. First, R.C. 2744.02(A)(1) provides broad immunity to political subdivisions: political subdivisions are not liable for damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function. Second, exceptions to immunity are listed in R.C. 2744.02(B). Third, where one of the exceptions enumerated in R.C. 2744.02(B) is applicable, "'a political subdivision or its employee can then "revive" the defense of immunity by demonstrating the applicability of one of the defenses found in R.C. 2744.03.'" *Ganzhorn v. R & T Fence Co., Inc.*, 11th Dist. Portage No. 2010-P-0059, 2011-Ohio-6851, ¶ 14, quoting *Walker v. Jefferson Cty. Bd. of Commrs.*, 7th Dist. Jefferson No. 02JE14, 2003-Ohio-3490, ¶ 22.

{¶18} Further, R.C. Chapter 2744 provides no statutory immunity for contract claims brought against a political subdivision. R.C. 2744.09(A) specifically states: "[t]his chapter does not apply to, and shall not be construed to apply to * * * [c]ivil actions that seek to recover damages from a political subdivision or any of its employees for contractual liability [.]" "R.C. 2744.09(A) has been consistently interpreted to mean that political subdivisions cannot claim governmental immunity for breach of contract claims."

5

*E. Liverpool v. Buckeye Water Dist.*, 7th Dist. Columbiana No. 11 CO 41, 2012-Ohio-2821, 972 N.E.2d 1090, ¶ 47 (collection of cases).

{¶19} It is undisputed that the Township is a political subdivision as defined in R.C. 2744.01(F) and that the board of trustees acted to demolish Granite City's structure under the authority of R.C. 505.86 (collection of costs of abating dangerous property conditions). Thus, the Township is immune from recovery in tort unless one of the exceptions in R.C. 2744.02(B) applies, or if Granite City sufficiently alleged a breach of contract claim pursuant to R.C. 2744.09(A). *See, e.g., Englewood v. Turner*, 178 Ohio App.3d 179, 2008-Ohio-4637, 897 N.E.2d 213, ¶ 23 (2d Dist.).

{¶20} A plain reading of the complaint reveals that Granite City did not set forth a wrongful demolition claim but rather pled operative facts that alleged a breach of an oral agreement. More specifically, the complaint alleged that pursuant to the Township's notice, Granite City requested "a hearing before the Township Board of Trustees"; "[p]rior to the hearing, the parties reached a verbal agreement that was memorialized in electronic messages between counsel for the Township and [Granite City] wherein, [the parties] would obtain bids for the demolition of the structure and [Granite City] would be responsible for the demolition at a price selected by [Granite City]"; "[d]espite that agreement and without notifying [Granite City] of the meeting of [the Township], the [Township] in August of 2017 did resolve to cause the structure to be demolished"; "[s]ome time after August of 2017, [the Township] and their agents did enter upon the property of [Granite City] and cause to be demolished the residential structure located thereon"; "[f]ollowing the demolition, the demolition left a pile of debris on the property and did not level the site in a workman like manner."

6

{¶21} Ohio is a notice-pleading state, and Ohio law does not ordinarily require a plaintiff to plead operative facts with particularity. *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, 768 N.E.2d 1136, ¶ 29. We have declined to apply a heightened pleading standard by requiring a plaintiff to assert how or why the political subdivision is not immune from suit, holding that "adoption of such a standard would require a plaintiff to anticipate affirmative defenses and exceptions at the inception of the litigation." *Ganzhorn* at ¶ 24.

{¶22} R.C. 505.86(D) distinctly contemplates that the parties may enter into an agreement: "[a]t any time, a party in interest may enter into an agreement with the board of township trustees to perform the removal * * * of the insecure, unsafe, or structurally defective or unfit building or other structure." A breach of contract claim may circumvent statutory immunity if there is an agreement. *See* R.C. 2744.09(A); *Shelton v. Twin Twp.*, 2015-Ohio-1602, 30 N.E.3d 1047, ¶ 47 (12th Dist.) (holding that a township should have been awarded summary judgment on a property owner's breach of contract claim because the property owner materially breached the contract).

{¶23} Moreover, the caption on Granite City's first claim stating "wrongful demolition" is not controlling. In construing a complaint, we look to the substance of the complaint, not the caption, to determine the nature of the cause being pleaded. *Funk v. Rent-All Mart, Inc.*, 91 Ohio St.3d 78, 80, 742 N.E.2d 127 (2001). We cannot say that it appears beyond doubt that Granite City can prove no set of facts entitling it to recovery. *O'Brien* at syllabus.

{¶24} Granite City is also entitled to dispute the lien on its property by filing a request for a declaratory judgment that it is not liable for the demolition costs. R.C.

7

715.261(B)(1) allows municipalities to certify the costs of removing or repairing buildings to the county auditor, who then places the costs on the tax duplicate. The certified costs are a lien on the land after entry and may be collected like taxes. Courts, however, have permitted landowners to challenge the lien. *Englewood* at ¶ 55 (collection of cases).

{¶25} Statutory immunity, including political-subdivision immunity, is an affirmative defense, which must be asserted in a responsive pleading. *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 17. While a political subdivision may utilize Civ.R. 12(B)(6) to seek judgment on the basis of statutory immunity, a motion to dismiss for failure to state a claim upon which relief can be granted is only an appropriate means "to obtain an adjudication of the validity of the affirmative defense [if] that validity can be determined solely from the allegations in the pleadings." *Epperly v. Medina City Bd. of Edn.*, 64 Ohio App.3d 74, 75-76, 580 N.E.2d 807 (9th Dist.1989). However, "the assertion of an affirmative defense does not place a burden on the non-moving party to affirmatively demonstrate or plead the absence of, or any exception to, immunity." *Ganzhorn* at ¶ 13. Therefore, the absence of factual allegations in the complaint is not a proper basis for determining the validity of an affirmative defense.

{¶26} The pleadings in this matter simply do not provide the relevant factual allegations that would be necessary to conclusively determine as a matter of law whether R.C. 2744.09(A) precludes application of R.C. Chapter 2744 in this case, and if not, whether the Township is entitled to R.C. 2744.02 immunity. *See Fisher v. Ahmed*, 2020-Ohio-1196, 153 N.E.3d 612, ¶ 22 (9th Dist.). More fundamentally, Granite City set forth

8

operative facts alleging a breach of a verbal agreement and resultant damages, which is sufficient to survive a Civ.R. 12(B)(6) motion to dismiss.

{¶27} Finding the Township's assignment of error to be without merit, we affirm the judgment of the Trumbull County Court of Common Pleas.

THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.