[Cite as *Estate of Blazef v. Mansfield Planning Comm.*, 2025-Ohio-5110.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JACEDA BLAZEF, ADM. OF THE ESTATE OF SLAVKA BLAZEF, DECEASED, | |
| | Case No. 2025 CA 0017 |
| Appellant | |
| | <u>Opinion And Judgment Entry</u> |
| -vs- | |
| | Appeal from the Richland County Court of Common Pleas, Case No. 2022CV 0099 N |
| CITY OF MANSFIELD PLANNING COMMISSION, ET AL | |
| | Judgment:   Affirmed |
| Appellees | |
| | Date of Judgment Entry: November 6, 2025 |

**BEFORE:**   ANDREW J. KING, P.J., KEVIN W. POPHAM, J.; DAVID M. GORMLEY Appellate Judges

**APPEARANCES:** ROBERT A. FRANCO, for Appellant; TONYA J. ROGERS, ANDREA K. ZIARKO for Appellees

OPINION

*Popham, J.,*

{¶1}   Appellant Jaceda Blazef, Administratrix of the Estate of Slava Blanka, deceased, appeals the judgment of the Richland County Court of Common Pleas dismissing her R.C. Chapter 2506 appeal for lack of subject-matter jurisdiction. Appellees are the City of Mansfield Planning Commission ("the Commission"), and the City of Mansfield, Bureau of Buildings, Inspections, Licenses, and Permits ("the City"). For the reasons below, we affirm.

*Facts & Procedural History*

{¶2}    On March 7, 2018, the City issued a Notice and Order of Demolition to Jim and Slavka Blazef regarding a commercial property located at 513 West Fourth Street in Mansfield, Ohio.  The order was based on the City's determination that the property constituted a public nuisance.  On March 22, 2018, appellant sent a letter to the City stating that her father, Jim, was deceased, her mother, Slavka, was elderly, and that the documents had been mailed to appellant's business address.  In the letter, appellant stated that she was appealing the demolition pursuant to Section 1335.07 of the Cod. Ord. of Mansfield, Ohio ("City Code"), asserting that neither she nor her parents received proper notice of the demolition.

{¶3}    Due to the potential notice deficiencies with the March 7, 2018, Notice and Order of Demolition, the City restarted the process and on February 21, 2020, issued a new Notice and Order of Demolition ("Demolition Order").  The Demolition Order was sent to the Estate of Jim Blazef and to Slavka Blazef, care of appellant, at multiple addresses. The Demolition Order included the following: the number and street address of the premises; inspection details such as the date of the inspection and the name of the individual who inspected the premises; findings that the premises were unsafe, abandoned, and a nuisance; citations to the relevant City Code sections appellant was allegedly violating; reasons for the nuisance designation (including vacancy, deterioration, abandonment, and lack of utilities); and the date by which the owner had to comply with the order.

{¶4}    The Demolition Order advised appellant of her right to appeal to the Commission.  Appellant exercised her right to appeal, and the Commission set the matter

for hearing.   Thereafter, the Commission granted appellant's request to continue the original May 12, 2020, hearing date to June 9, 2020.

{¶5}   Prior to the hearing, the City sent appellant a letter directing her to provide the Commission with a detailed list of repairs or renovations she would complete, a cost analysis, and a timeline for completion of the repairs or renovations.  Appellant and her counsel appeared at the June 9, 2020, hearing, where appellant argued that she had not been provided an itemized list of required repairs and that the cited code violations were insufficiently detailed. The Commission voted to give appellant thirty days to establish electrical service, clean the interior of the building, and return to the Commission with a list of repairs she would complete.  The Commission continued the hearing to July 14, 2020.

{¶6}   At the July 14, 2020, hearing, appellant again argued that the City bore responsibility for itemizing the defects supporting the Demolition Order.   The City maintained that it had already provided sufficient notice under the City Code.  During the hearing, the Commission voted to deny appellant's appeal of the Demolition Order – memorializing that decision by stamping "denied" on appellant's appeal application and refencing "minutes [of the July 14, 2020, hearing] attached."

{¶7}   On July 27, 2020, appellant filed an administrative appeal of the Commission's July 14th decision with the Richland County Court of Common Pleas ("*Blazef I*").  The parties agreed that, during the pendency of *Blazef I*, the City would not execute on the Demolition Order.   On September 8, 2020, Appellees filed the administrative transcript with the common pleas court.   On September 23, 2020, while

*Blazef I* was pending with the common pleas court, the City sent appellant a letter with a detailed list of deficiencies explaining why the property failed inspection.

{¶8} The Commission held a hearing on January 26, 2021, during which the parties indicated they settled *Blazef I.* While the parties never entered into a written settlement agreement, the minutes from the January 26th hearing reflect the parties settled *Blazef I* by agreeing that appellant would complete the repairs and renovations of the premises within six months. Accordingly, on January 26, 2021, the Commission voted to stay the Demolition Order for an additional six months. On February 10, 2021, appellant voluntarily dismissed *Blazef I*, without prejudice.

{¶9} The Commission held another hearing on July 27, 2021, at which time the Commission voted to stay the Demolition Order for an additional ninety days, with final inspection required to be completed by December 31, 2021.

{¶10} Appellant failed to complete the final inspection by December 31, 2021. Thus, the Commission held a hearing on February 22, 2022, where appellant testified that she made progress, but still needed to complete electrical work, drywall, and painting. City of Mansfield Zoning Inspector Marc Milliron testified that, while the property was no longer dangerous, the renovations were incomplete, portions of the back roof were missing, and there was still no electrical service. Milliron described the premises as having a "shell" of a structure. A member of the Commission made a motion to continue with the demolition. The motion passed, and the Commission voted to continue with demolition.

{¶11} On March 4, 2022, Milliron sent appellant correspondence titled, "Decision, Final Entry, and Order: 513 W. 4th Street," memorializing the Commission's vote to

continue with demolition. The correspondence contained the following language, "Under Section 1359.05 APPEAL, you have the right to appeal the City Planning Commission's decision before the Richland County Court of Common Pleas, within thirty (30-days) from the date of planning commission's decision."[1]

{¶12} In March of 2022, appellant appealed the Commission's March 4th correspondence to the Richland County Court of Common Pleas (*Blazef II*). Thereafter, the common pleas court stayed *Blazef II* pending proceedings in a parallel matter. On November 13, 2024, the trial court vacated the stay and returned *Blazef II* to the active docket.

{¶13} On December 12, 2024, appellees filed the administrative record. Appellant moved to supplement the record, asserting a right to an evidentiary hearing pursuant to R.C. 2506.03 because the "face of the transcript of the record reveals that the testimony adduced in the hearings from the administrative proceeding was not given under oath" – citing in support to the administrative record pages 55-102, the transcripts of both the June 9, 2020, and July 14, 2020, hearings. Appellees filed a brief in opposition to the motion and argued the trial court lacked subject-matter jurisdiction to hear *Blazef II*. Appellant filed a reply, arguing the trial court had jurisdiction over *Blazef II* because the March 4, 2022, correspondence is an appealable order pursuant to R.C. 2506.01.

{¶14} On February 6, 2025, the common pleas court issued a judgment entry dismissing appellant's administrative appeal for lack of subject-matter jurisdiction.

---

[1] Mansfield City Code 1359.05 relates to "Flood Damage Reduction." The proper code provision for appeals under the Mansfield Codified Ordinance for Repair and Demolition of Buildings – Chapter 1335, is section 1335.07.

{¶15} Appellant appeals the February 6, 2025, judgment of the Richland County Court of Common Pleas and assigns the following as error:

{¶16} "I. THE TRIAL COURT MADE A LEGAL ERROR IN DISMISSING THE ADMINISTRATIVE APPEAL FROM THE PLANNING COMMISSION'S MARCH 4, 2022, DECISION AS 'TIME-BARRED' BECAUSE [APPELLANT'S] APPEAL WAS FILED ONLY 3 DAYS AFTER THE DECISION WAS ISSUED."

{¶17} "II. THE TRIAL COURT ERRED BY DISMISSING [APPELLANT'S] ADMINISTRATIVE APPEAL THEREBY DENYING [APPELLANT] HER STATUTORY RIGHT TO APPEAL, AND VIOLATING HER CONSTITUTIONAL RIGHT TO DUE PROCESS UNDER THE U.S. AND OHIO CONSTITUTIONS."

*Standard of Review*

{¶18} The common pleas court dismissed *Blazef II* for lack of subject-matter jurisdiction. In her first assignment of error, appellant contends this dismissal was in error. To be sure, "[a] court has subject matter jurisdiction over a case if the court has the statutory or constitutional power to adjudicate that case." *Garrett v. City of Columbus*, 2010-Ohio-3895, ¶ 13 (10th Dist.), citing *Pratts v. Hurley*, 2004-Ohio-1980. To have the power to hear and decide a case on the merits, a court must have subject-matter jurisdiction over the case. *Id.* This Court reviews a trial [lower] court's dismissal of a case for lack of subject-matter jurisdiction under a de novo standard because subject-matter jurisdiction is a question of law. *Id.*

{¶19} In her second assignment of error, appellant argues her right to due process was violated. The Ohio Constitution and United States Constitution require that administrative proceedings comport with due process. *Mathews v. Eldridge*, 424 U.S.

319 (1976). "Whether due process requirements have been satisfied presents a legal question [this Court] review[s] de novo." *Freeman v. Ohio Elections Comm.*, 2024-Ohio-1223, ¶ 26 (10th Dist.).

I.

{¶20} In her first assignment of error, appellant argues the trial court committed error in dismissing *Blazef II*. We disagree.

{¶21} Appellant contends she is entitled to appeal the March 4, 2022, correspondence because it is titled "Decision, Final Entry, and Order," and specifically includes the following language, "you have the right to appeal the City Planning Commission's decision before the Richland County Court of Common Pleas." Further, appellant argues she is entitled to appeal in order to challenge the propriety of the Commission's decision in light of the "changed circumstances" and proceedings held after she voluntarily dismissed *Blazef I*.

*September 23, 2020, Letter*

{¶22} Appellant attempts to characterize the September 23, 2020, letter – issued after the February 21, 2020, Demolition Order, which controlled at the time – explaining why the premises failed inspection, as a new "Notice and Order of Demolition." However, the letter was not issued pursuant to, or in compliance with, the Cod. Ord. of Mansfield Ohio Section 1335.05. The parties did not treat this as a "new" notice or order of demolition, as they subsequently settled *Blazef I*, and debated whether they would stay the February 2020 Demolition Order. Further, unlike appellant's actions following the 2018 and 2020 notices and orders, appellant never filed a separate Notice of Appeal to the Commission from the September 23, 2020, letter. Despite appellant's argument to

the contrary, we find the September 23, 2020, letter is not at issue in this appeal because appellant did not appeal the September 23, 2020, letter to either the Commission or the Richland County Common Pleas Court.

*March 4, 2022, Correspondence and*
*R.C. 2506.01 & Quasi-Judicial Proceedings*

{¶23} Appellant argues that R.C. 2506.01(A) provides her the ability to appeal from the March 4, 2022, correspondence because it is "an order, adjudication, or decision that determines rights, duties … of a person."  R.C. 2506.01(A); R.C. 2506.01(C). However, the Supreme Court of Ohio has limited the language contained in R.C. 2506.01 as it applies to whether an administrative order, adjudication, or decision is appealable. *Grater v. Damascus Twp. Trustees*, 2021-Ohio-1929, ¶ 16 (3rd Dist.).  "R.C. 2506.01 provides for administrative appeals only from quasi-judicial proceedings, in which notice, a hearing, and the opportunity for the introduction of evidence have been given."  *State ex rel. City of Lorain v. Stewart*, 2008-Ohio-4062, ¶ 55.  "'Quasi-judicial authority' refers to 'the power to hear and determine controversies between the public and individuals that require a hearing resembling a judicial trial.'"  *State ex rel. Save Your Courthouse Comm. v. City of Medina*, 2019-Ohio-3737 ¶ 429, citing *State ex rel. Wright v. Ohio Bur. Of Motor Vehicles*, 1999-Ohio-17, 87 Ohio St.3d, 184.

{¶24} The Supreme Court of Ohio has further restricted appeals from administrative orders, adjudications, or decisions by specifically holding that, "the mere fact" that the administrative body gave a person notice and "conducted the hearing in a manner resembling a judicial trial does not mean that it exercised the quasi-judicial authority required to make [the administrative order] appealable under R.C. 2506.01." *Zeigler v. Zumbar*, 2011-Ohio-2939, ¶ 21; *State ex rel. Save Your Courthouse Comm,* ¶

429 (fact that board of elections held a hearing does not mean board exercised quasi-judicial power if there was no legal requirement for the board to hold the hearing). The supporting rationale is that "the requirement of conducting a quasi-judicial hearing is the key point of exercising that authority." *Id*.; *State ex rel. Scherach v. Lorain Cty. Bd. of Elections*, 2009-Ohio-5349, ¶ 23 (fact that administrative body held a hearing resembling a judicial trial even though not required did not constitute the exercise of quasi-judicial authority).

{¶25} As this Court has previously stated, "whether a proceeding is a quasi-judicial proceeding 'from which a R.C. 2506.01 appeal may be taken depends upon what the law requires the agency to do, not what the agency actually does.'" *Jamison v. Galena*, 2015-Ohio-2845, ¶ 28 (5th Dist.), quoting *State ex rel. Mun. Constr. Equip. Operators' Labor Council*, 2014-Ohio-4364, ¶ 36; see also *Garrett v. City of Columbus*, 2010-Ohio-3895 at ¶ 15 (10th Dist.); *Johnson v. Danbury Twp.*, 2021-Ohio-755, ¶ 12 (6th Dist.).

{¶26} Accordingly, "regardless of the procedural amenities granted on the administrative level, absent a legal requirement that the agency provide notice and a hearing before rendering a decision, an appellant has no ground to appeal that administrative decision." *Garrett* at ¶ 15; *Grater v. Damascus Twp. Trustees*, 2021-Ohio-1929, ¶ 17 (3rd Dist.). "The fact that a tribunal actually afforded these rights [as in the March 4, 2022, correspondence] is not material to the inquiry, which focuses on whether the tribunal was required to afford such rights." *Jamison*, 2015-Ohio-2845 at ¶ 28.

{¶27} The City issued the Demolition Order in February of 2020. Appellant properly appealed the Demolition Order in *Blazef I*. Once appellant voluntarily dismissed

*Blazef I*, the Demolition Order became final and valid. The City Code requires notice and a hearing on the Demolition Order itself, but these issues were dealt with (or could have been dealt with) in *Blazef I.* The only issues that remained after the Demolition Order was finalized through the dismissal of *Blazef I* were whether appellant completed the repairs within six months to meet the conditions of the settlement agreement and whether the Commission would grant or deny appellant's continued requests to stay the Demolition Order.

{¶28} At the February 22, 2022, hearing, the Commission voted to "continue with the demolition," essentially denying appellant's request to stay the demolition to complete the electrical work, install drywall, and paint the premises. The March 4, 2022, correspondence simply memorialized the decision by the Commission to continue with the demolition. Thus, pursuant to well-established Ohio law, the dispositive issue is whether the City Code requires the Commission to conduct an evidentiary hearing on the question of whether to continue with demolition pursuant to a final and valid Order of Demolition. Appellant has not pointed this Court to any requirement in the City Code Chapter 1335 ("Repair and Demolition of Buildings") that the Commission give notice or hold a hearing before continuing with demolition after a Demolition Order is final or before denying a stay of a finalized Demolition Order.

{¶29} The fact that the Commission allowed appellant to be heard at the February 22, 2022, hearing does not change the character of the Commission's decision, as the focus is on what the relevant ordinance (Chapter 1335 of the City Code) requires the Commission to do, not what the Commission actually did. *Zeigler*, 2011-Ohio-2939, at ¶ 11; *Jamison*, 2015-Ohio-2845 at ¶ 30. The Commission's actions – prior to February 22,

2022 - of providing notice, conducting a hearing, and – after February 22, 2022 - issuing correspondence memorializing the hearing vote, which includes language indicating appellant can appeal the administrative decision, "does not create a right to appeal under R.C. 2506.01 where the proceedings are not quasi-judicial ***." *Grater*, 2021-Ohio-1929 at ¶ 22 (10th Dist.). It matters not what the Commission informed appellant that she was entitled to, vis-à-vis appeal, the controlling principal is what the Commission was required to do under Ohio law, which is the determinative factor regarding whether the February 22, 2022, hearing was a quasi-judicial proceeding. It was not.

{¶30} Here, Chapter 1335 of the City Code does not require the Commission to provide notice or conduct an evidentiary hearing on whether to continue with demolition pursuant to a final and valid Demolition Order or provide notice or conduct a hearing on whether to stay a final and valid Demolition Order. Appellant does not cite any statute or ordinance that requires a second notice of a demolition date. Therefore, the Commission's denial of appellant's request to further stay the final and valid Demolition Order and/or the Commission's decision to continue with demolition pursuant to the final and valid Demolition Order did not arise from a quasi-judicial proceeding and is thus not appealable. *State ex rel. Mun. Constr. Equip. Operators' Labor Council*, 2014-Ohio-4364 at ¶ 37.

*Impact of Blazef I*

{¶31} Appellant's voluntary dismissal of *Blazef I* "without prejudice" does not preserve her right to refile an administrative appeal. Administrative appeals cannot be refiled. *McCann v. City of Lakewood*, 95 Ohio App.3d 226, 233 (8th Dist.); *Genesis*

*Outdoor Advertising, Inc. v. Troy Twp. Bd. of Zoning Appeals*, 2003-Ohio-3692, ¶ 10 (11th Dist.); *Highland Square Mgmt. v. City of Akron*, 2015-Ohio-401, ¶ 13 (9th Dist.).

{¶32} Appellant argues that because *Blazef I* dealt only with the issue of notice of the February 2020 Demolition Order, the common pleas court must hear the merits of *Blazef II*. However, the Commission held hearings in June and July of 2020 and specifically denied appellant's appeal. These hearings and the Commission's decision affirming the Demolition Order were not constrained only to the notice issue. As detailed above, once the Demolition Order becomes final after the exhaustion of appeals, or lapse of the time to commence an appeal, the City is not required to provide any further notice or opportunity to repair the premises prior to demolition. Simply because appellant chose not to argue other issues in *Blazef I* does not mean she is entitled to argue them now. *Nosse v. Potter*, 2024-Ohio-2325, ¶ 24 (11th Dist.). Further, "the mere fact that [the common pleas court] had not ruled upon the merits of the administrative appeal [*Blazef I*] does not preclude the application of res judicata to the issues pertinent to that appeal." *Highland Square*, 2015-Ohio-401 at ¶ 22.

*Conclusion – Assignment of Error I.*

{¶33} Because the Commission's February 22, 2022, decision, as memorialized in the March 4, 2022, correspondence, did not result from a quasi-judicial proceeding, the common pleas court lacked jurisdiction over *Blazef II*. Accordingly, the common pleas court lacked subject-matter jurisdiction over *Blazef II* and did not commit error in dismissing *Blazef II*. Appellant's first assignment of error is overruled.

II.

{¶34} In her second assignment of error, appellant contends the common pleas court's dismissal of *Blazef II* deprived her of due process. We disagree.

{¶35} In their brief, appellees argue appellant did not make a due process argument at the common pleas court level. In her reply brief, appellant clarified that she is not asserting an independent constitutional violation that was she was required to have raised at the common pleas court. Rather, she is asserting that the right to appeal under R.C. Chapter 2506 itself is the procedural safeguard and, without a review on the merits of *Blazef II* in the common pleas court, she was denied due process.

{¶36} When a city does not provide the property owner with "an opportunity for hearing or appeal prior to the razing of property, the city has denied the owner of due process of law." *Nicholson v. City of Youngstown*, 2025-Ohio-1915, ¶ 22 (7th Dist.). Thus, before appellant could be deprived of her property through a demolition order, she was entitled to notice and an opportunity to be heard. *Matt Pool Ltd. v. City of Sandusky Housing Appeals Bd.*, 2024-Ohio-4724, ¶ 59 (6th Dist.). "Actual knowledge of condemnation and demolition proceedings can defeat a property owner's claim that notices of those proceedings were never properly served." *Sherrard v. Oberlin*, 2011-Ohio-2325, ¶ 12 (9th Dist.).

{¶37} Appellant contends that once the City issued the Demolition Order and she exercised her right to appeal, the Commission was required to hold a hearing in order for appellant's due process rights to be protected. While appellant contends this hearing was not held until February of 2022, the record demonstrates appellant did receive two hearings after she appealed the Demolition Order prior to the Commission denying her appeal. Appellant was at two meetings in June and July of 2020, during which she was

permitted to testify and present evidence with regards to the Demolition Order. The City determined appellant's property constituted a nuisance, subject to demolition, in February of 2020. Appellant appealed that decision to the Commission, was given an evidentiary hearing by the Commission, and had the opportunity to appeal the Commission's denial of her appeal in *Blazef I*. Accordingly, appellant received due process prior to her property being razed or demolished.

{¶38} We determined in appellant's first assignment of error that the common pleas court did not commit error in dismissing *Blazef II* because the common pleas court lacked subject-matter jurisdiction over the case. Because the common pleas court had no jurisdiction to hear *Blazef II*, the common pleas court's dismissal does not violate appellant's due process rights.

{¶39} Appellant's second assignment of error is overruled.

For the reasons stated in our Opinion, the judgment of the Richland County Court of Common Pleas is affirmed.

Costs to Appellant.


By: Popham, J.

King, P.J. and

Gormley, J.